IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | CASE NO.: 7:20-CR-17 (WLS-TQL-1) |
| SHAWN MERDINGER, | : | |
| Defendant. | : | |

### **ORDER**

On July 31, 2024, the Court held a hearing on the United States Probation Office's Petition ("the Petition") (Doc. 551) to revoke Defendant Shawn Merdinger's ("Defendant") supervised release. Previously, Defendant pleaded guilty to Count I of the Indictment (Doc. 1), which accused him of Interstate Communication of Threats. Defendant was sentenced on March 23, 2022, to time served and a period of three years supervised release.

Defendant's supervision began on March 23, 2022. On September 6, 2023, the United States Probation Office ("USPO") petitioned the Court for a warrant or summons (Doc. 70). USPO filed an Amended Petition ("the Petition") (Doc. 84). The Petition alleged that Defendant violated the conditions of his supervised release on two (2) occasions.

At the revocation hearing held on July 31, 2024, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 84) and Revocation Report (Doc. 90) and reviewed them. Defendant stated he had spoken to Counsel about the Petition and wished to admit to Violation I of the Petition and did not contest Violation II.

Accordingly, the Court found that Defendant freely, knowingly, and voluntarily waived his rights to a hearing and stipulated to Count I. The Court also found that the violation of Count II was sufficiently established by the Petition, the Revocation Report, and Defendant's lack of objection to the Revocation Report. The Court thus found that Defendant had committed the alleged violations by a preponderance of the evidence and that Defendant did violate the conditions of his supervised release. The Court then declared Defendant's supervised release revoked.[1]

The Court heard from the Government, Defense counsel, and Defendant. Defendant and the Government requested a sentence of time served to be followed by a period of six months supervised release. Neither party objected the Revocation Report. The Court determined Defendant's U.S. Sentencing Guidelines range to be 3–9 months based on Defendant's Grade C violations and a Criminal History Category of I.  Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to time served, to be followed by a period of supervised release of six (6) months.

For the aforementioned reasons, the Petition (Doc. 84) is **GRANTED**, and Defendant's term of supervised release is **REVOKED**. Defendant is sentenced to time served to be followed by a period of supervised release of six (6) months.

**SO ORDERED**, this 14th day of August 2024.

/s/ W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copela*nd, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).

2